Matter of Attorneys in Violation of Judiciary Law § 468-a (Mody) (2021 NY Slip Op 06419)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Mody)

2021 NY Slip Op 06419

Decided on November 18, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 18, 2021

PM-156-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Ankur Mody, Respondent. (Attorney Registration No. 4070405.)

Calendar Date:October 18, 2021
Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Peter V. Coffey, Schenectady, for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2002 and is also admitted in India, where he resides. Respondent was suspended from the practice of law in this state by January 2014 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2006 (113 AD3d 1020, 1044 [2014]). He cured his registration delinquency in January 2020 and now moves for his reinstatement by motion marked returnable on October 18, 2021. Petitioner opposes respondent's motion based upon certain identified deficiencies, to which respondent replies by October 2021 correspondence.[FN1]
We initially note that respondent has satisfied the procedural requirements for an attorney seeking reinstatement to the practice of law from a suspension of more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [2020]) by, among other things, submitting a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, he has submitted sufficient threshold documentation in support of his application, including proof that he successfully completed the Multistate Professional Responsibility Examination as required (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). With respect to, among other things, respondent's failure to file a timely affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 21), we find that the attestations included in respondent's appendix C affidavit satisfactorily explain that he did not engage in the practice of law in this state during the period of his suspension, as confirmed by the contents of his application as a whole.
Finally, we determine that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension or disbarment (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Patel], 187 AD3d 1489, 1490 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), in that his application properly demonstrates his compliance with the order of suspension and the Rules of this Court, that he clearly and convincingly possesses the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Hermanson], 188 AD3d 1555, 1556; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [2020]). Accordingly, we grant [*2]respondent's motion.
Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection has advised that it defers to this Court's discretion regarding respondent's application.